**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| DANIEL ERIC COBBLE, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | |
| | : | NO. 5:14-CV-346 (MTT) |
| THE BROWN SCHOOL and SAN | : | |
| MARCOS, TEXAS, | : | |
| | : | |
| Respondents. | : | **O R D E R** |

Petitioner **DANIEL ERIC COBBLE**, an inmate at Hancock State Prison ("HSP"),[1] has filed a 20-page handwritten pleading that he states is a habeas corpus petition under 28 U.S.C. § 2241.   Accompanying his pleading is a "Motion for Court to Order U.S. Marshal[] Office Service of Summons and Suit Upon all of Defendants ..." (Doc. 2), a Motion to Proceed *In Forma Pauperis* ("IFP") (Doc. 3), and a Motion for Appointment of Counsel (Doc. 4).   Solely for purposes of dismissing this action, Petitioner's motion to proceed IFP is **GRANTED**.

Under Rule 4 of the Rules Governing Section 2254 Cases, district courts are required to promptly examine every application filed and thereafter enter a summary dismissal if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the

---

[1]   According to Georgia Department of Corrections' website, Petitioner is currently incarcerated for aggravated stalking, obstruction of an officer, terroristic threats and acts, and interference with government property, for which his maximum possible release date is July 14, 2021.

district court....”[2]   It plainly appears from the petition that Petitioner is not entitled to relief in this Court.

Much of Petitioner's filing is nonsensical but he largely complains about his 1991 "illegal extradition" to a private mental health facility in San Marcos, Texas, and his subsequent "illegal extradition" back to Georgia in 1993.   Apparently, Petitioner was a minor during his stay at the Texas facility and his mother arranged for his being transferred there and being returned to Georgia.   According to Petitioner, his current incarceration at HSP is illegal because "Texas is still supposed to have jurisdiction of me."   Petitioner also argues that his present sentence should be reduced for the time he spent in the private Texas mental health facility.

As relief, Petitioner asks to be "extradited back" to Texas, cleared of all charges, and "all Georgia orders to bring me back to Georgia to be ignored by Texas."   Petitioner also requests that he be given a horse that is a "4 year old female[,] 16 1/2 hands[,] trained for traveling next to [the] freeway, breedable, gentle, smart, healthy, no health history problems, can jump fences easy, mustang not pregnant, pure blood, broken in ...," and numerous rifles with plenty of bullets.

This Court has carefully reviewed Petitioner's filing and he presents no valid basis for habeas corpus relief.   Specifically, he fails to allege any facts indicating that his present confinement or the execution of his sentence is in violation of the federal constitution or any United States law.   Clearly, Petitioner's time spent over 20 years ago in a private mental health facility has no bearing upon his present confinement or sentence.

As the Court has previously instructed Petitioner, the appropriate vehicle for challenging

---

[2]   Rule 4 applies to section 2241 cases by virtue of Rule 1(b) of the Rules Governing Section 2254 Cases.

his confinement pursuant to a state court conviction is a habeas action under 28 U.S.C. § 2254. Petitioner has already filed numerous actions in this Court, at least one of which was a habeas petition under section 2254, in which he challenged his 2005 convictions of felony obstruction of an officer in Wilcox County.   *See Cobble v. McLaughlin*, 5:12-cv-86 (CAR).   Accordingly, as the Court has previously informed Petitioner, he must obtain permission from the Eleventh Circuit Court of Appeals before he may file in this Court a second or successive petition challenging his conviction.   *See* 28 U.S.C. § 2244(b)(3)(A); *see also Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000).

It is therefore **ORDERED** that the instant petition be **DISMISSED WITHOUT PREJUDICE**.   Petitioner's motions for court ordered service and appointment of counsel are accordingly **DENIED**.

Reasonable jurists could not find that such dismissal is debatable or wrong; Petitioner is thus also **DENIED** a Certificate of Appealability.   Finally, because Petitioner is not entitled to a COA, he is not entitled to proceed IFP on appeal.

**SO ORDERED**, this 9th day of October, 2014.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

cr